IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LOUIS ALEKSICH, RAINELLE ALEKSICH and BRENT ALEKSICH, ) ) ) | CV- 91-05-BU-RFC |
| Plaintiffs, ) ) ) ) | ORDER GRANTING BARBER'S MOTION TO INTERVENE |
| vs. ) ) ) | |
| REMINGTON ARMS CO., INC., and E. I. DuPONT DE NEMOURS & CO., ) ) ) ) | |
| Defendants. ) ------) | |

## I. INTRODUCTION

Richard Barber moves to intervene in this action pursuant to Rule 24(b) Fed.R.Civ.P. for the limited purpose of gaining public access to the Court record, which is sealed in its entirety. *Doc. 415.* Similar to the Plaintiffs in this case, whose fourteen-year-old son was injured when a Remington Model 700 rifle fired unexpectedly, Barber's nine-year-old son Gus was killed when the rifle fired when Barber's wife turned the safety off to unload the rifle. During the course of his own lawsuit against Remington, Barber learned that many others had been killed and injured by malfunctioning Model 700 rifles manufactured from the 1960's to the early 1980's. Substantial evidence reveals that a portion of the trigger mechanism of these rifles, known as the "Walker fire control," is defective and can

1

cause the rifle to fire without a trigger pull.

Over the last 11 years since his son was killed, Barber has dedicated substantial time and money to gathering information about Walker fire control and educating the public to prevent further injury and death. He has worked with Remington to develop a safer fire control and has urged Remington to recall all Model 700 rifles from the market. Barber claims he was led to believe that Remington discontinued use of the Walker fire control in 2006 when rifles were released containing a new fire control, but learned otherwise in the Fall of 2010. Barber believes documents in the court file of this case containing evidence documenting Remington's knowledge that the Walker fire control is unsafe. He seeks that evidence to force Remington to recall the defective rifles.

## II.    ANALYSIS

Rule 24(b) authorizes permissive intervention for nonparties who seek access to a sealed judicial record in a civil case. *San Jose Mercury News, Inc. v. U.S. Dist. Court--Northern Dist. (San Jose),* 187 F.3d 1096, 1100 (9th Cir. 1999). In such cases, there are two prerequisites: (1) the motion to intervene must be timely and (2) the motion must raise a question of law or fact that is in common with the main action. *Id.* Remington argues that Barber cannot satisfy either.

Courts consider three factors when determining whether a motion to

intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *San Jose Mercury News, Inc.,* 187 F.3d at 1100-01.

Remington argues that Barber's motion is untimely since this case has been settled and closed for sixteen years. Remington further argues that (1) Barber knew about this lawsuit before he filed his own lawsuit against Remington over the Model 700 in 2001; (2) Barber used the same law firm as in this case, so his counsel would have known about the sealing of this case; and (3) Barber claims he was told this by the Clerk of Court that this case was sealed in 2005.

Barber But Barber convincingly argues that the relevant time for calculating the period of delay is September of 2010, when he learned that Remington still maintained that the "Model 700, including its trigger mechanism, has been free of any defect since it was first produced ..." *Remington Arms' Official Statement for CNBC Program Regarding the Model 800* (September 7, 2010)[1] Specifically, Barber avers he had been working with Remington engineers to develop alternatives to the Walker fire control, and that he was told in 2002 that once a new fire control went into production, the Walker fire control would no longer be

---

[1]The document is available at: http://msnbcmedia.msn.com/i/CNBC/Sections/CNBC_TV/CNBC_US/Shows/_Documentaries_Specials/Remington_Under_Fire/Documents/Rem_Doc_01.pdf (last accessed Feb. 2, 2012)

3

used.  Barber Affidavit, ¶¶ 31-33 (October 20, 2011).  Model 700 rifles with the new "X-Mark Pro" fire control were released in December 2006, so Barber believed Remington had ceased production of rifles with the Walker fire control until he saw a CNBC documentary entitled "Remington Under Fire" in the Fall of 2010.  *Id.* at ¶ 35.  This motivated Barber to increase his efforts to educate the public about the danger of the Walker fire control.  *Id.*  Barber believes documents in this case contain the most extensive and compelling collection of documents regarding Remington's knowledge of the Walker fire control's propensity to malfunction.  *Id.* at ¶ 38.  As justification for waiting a little over a year to move to intervene, Barber claims that is not an unreasonable period for him to locate and retain *pro bono* counsel, research whether it is possible to unseal a court record that has been sealed for years, and file the necessary papers.

In the Ninth Circuit, "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." *San Jose Mercury News, Inc.,* 187 F.3d at 1101.  Moreover, the public right to access court records exists for "cases decided a hundred years ago as surely as is does for lawsuits now in the early stages of motions litigation" and since access to court records does not require relitigation of the underlying dispute, the fact that judgment has been entered and the case is closed is of little concern.  *Public*

*Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 786 (1st Cir. 1988)(cited with approval in *San Jose Mercury News, Inc.*).

Although Remington claims it will be prejudiced if Barber is allowed to intervene, it does not explain how it is prejudiced by Barber's delay in seeking intervention. And Plaintiff Louis Aleksich avers that he has no objection to the unsealing file so long as the amount and terms of the settlement remain confidential. *Doc. 415-1,* Aff. Louis Aleksich, ¶¶ 4-5 (June 17, 2011). Most importantly, where, as here, intervention will not disturb the resolution of the case and is for an ancillary purpose, prejudice is not a significant concern. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) *citing Public Citizen,* 858 F.2d at 786-87.

Accordingly, since the period of delay is not prohibitive, the delay caused no prejudice to Remington, and the fact that this case is settled and closed is of no particular concern in cases like this, the Court concludes Barber's motion is timely.

As to whether Barber's challenge to the sealing of the court file raises a question of law or fact that is in common with the main action, Remington argues that Barber's purported purpose for intervening in this lawsuit–to force Remington to recall the dangerous Model 700 rifles–was also his goal in his lawsuit against

5

Remington. Remington note that case settled in 2002 and Barber released all his past and future claims against Remington. Remington also cites a Sixth Circuit case denying a plaintiff's motion to intervene in a civil action where the plaintiff had already filed a substantially similar action in the same court. *Head v. Jellico Housing Authority,* 870 F.2d 1117, 1124-25 (6th Cir. 1989). The *Head* court held that it is not an abuse of discretion to deny intervention where the party has other adequate means of asserting their rights. *Id.* at 1124. Since Barber has no other vehicle for challenging the sealed record in this case, *Head,* which does not involve intervention for the purpose of asserting the public's right to access court records, is inapposite.

Even though intervention to challenge a sealed record does not precisely equate to Rule 24(b)'s requirement that the intervenor's claim or defense share a common question of law or fact with the main action, "every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders." *E.E.O.C. v. National Children's Center, Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998), *citing Beckman Industries, Inc. v. International Insurance Co.,* 966 F.2d 470, 473 (9th Cir.1992) ("There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a

6

protective order.").

## IV. ORDER

For those reasons, **IT IS HEREBY ORDERED** that Barber's Motion to Intervene (*doc. 415*) is **GRANTED**. Barber shall file his motion for public access to the Court record within thirty days of the entry of this Order. Further briefing shall proceed in accordance with Local Rule 7.1(d)(1).

Dated this 6th day of February, 2011.

Richard F. Cebull
United States District Judge